UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W., )
Washington, D.C. 20016 )
                                                Plaintiff, )
                                               v. ) Civil Action No.

LANGENFELDER MARINE, INC. )
400 Pier Avenue )
Stevensville, Maryland 21666 )

    Serve: )
    Registered Agent Robert J. Carson )
    345 Green Street )
    Havre De Grace, Maryland 21078, )

    Or )

    Registered Agent James E. Baker )
    120 East Baltimore Street, Suite 2100 )
    Baltimore Maryland 21202 )

    Or )

    David G. Howson, Vice President )
    400 Pier Avenue )
    Stevensville, Maryland 21666 )

                                              Defendant. )

## COMPLAINT

(TO COLLECT CONTRIBUTIONS DUE TO EMPLOYEE BENEFIT FUND;
TO ENJOIN VIOLATIONS OF ERISA AND FOR AN AUDIT)

## PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Sections 3(1) and 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1) and (3). The Central Pension Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant Langenfelder Marine, Inc. is a Maryland Corporation with an office located at 400 Pier Avenue, Stevensville, Maryland 21666, and has at all times relevant to this action been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a restated agreement and declaration of trust and collective bargaining agreements, and an action to enjoin the violation of the terms of employee benefit plan and to compel and audit. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## COMMON FACTS

6. Defendant has been signatory at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local No. 25, Marine Division, that governs the wages, benefits and terms and conditions of employment of apprentice and journeymen performing work covered by the Agreements.

7. Defendant, through the Collective Bargaining Agreements, is bound by the Restated Agreement and Declaration of Trust establishing the Central Pension Fund.

8. Pursuant to the Collective Bargaining Agreements Defendant agreed to pay to the Central Pension Fund certain sums of money for each hour worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements.

9. Between the period of April 1, 2007, to the present, Defendant has employed employees performing work under the Collective Bargaining Agreements.

10. During the time noted above, Defendant failed to pay to the Central Pension Fund the proper amount of contributions owed under the Collective Bargaining Agreements.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

12. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for interest at the rate of 9% simple interest.

13. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all costs, audit expenses and attorney attorneys' fees.

14. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer is obligated to supply records necessary to permit the Central Pension Fund to determine if the employer is making the required payments.

## COUNT I

### (UNPAID CONTRIBUTIONS TO EMPLOYEE BENEFIT FUND)

15. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16. Defendant failed to pay contributions for the period of April 1, 2007, through September 30, 2007, in the amount of $100,943.50.

17. By virtue of the failure to remit contributions as contractually required, Defendant is in contravention of the Collective Bargaining Agreements and its obligations

under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Sections 502 and 515 of ERISA.

18. Defendant has failed to pay liquidated damages and interest for delinquent contributions owed to the Central Pension Fund.

19. The Central Pension Fund is entitled to judgment for all contributions owed, plus liquidated damages, interest, costs, audit and attorneys fees for the period of April 1, 2007 through September 30, 2007, and continuing to the present.

## COUNT II

### (INJUNCTION)

20. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21. Defendant, pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, agreed to make timely contributions to the Central Pension Fund in the amounts and on the dates required by the Collective Bargaining Agreements in order to maintain the plan of benefits provided by the Central Pension Fund.

22. Defendant has repeatedly failed to submit contributions to the Central Pension Fund in violation of the requirements of the Central Pension Fund's Restated Agreement and Declaration of Trust and the Collective Bargaining Agreements from April 1, 2007, to the present.

23. This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of an employee benefit plan and threatens the Central Pension Fund and the Fund's beneficiaries with irreparable harm if injunctive relief is not granted.

24. The Central Pension Fund is substantially likely to succeed on the merits of its allegations.

25. Injunctive relief will not harm Defendant to a greater extent than that which the Central Pension Fund will suffer absent an injunction.

26. The public interest will be served by an issuance of injunctive relief.

### COUNT III

### (AUDIT)

27. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 26 as if fully set forth in this Count III.

28. An audit of the Defendant's records will permit the Central Pension Fund to determine amounts owed.

29. Under the terms of the Collective Bargaining Agreements as well as the Restated Agreement and Declaration of Trust, Plaintiff is entitled to conduct an audit of Defendant's payroll records.

30. Defendant has not been reporting, and may be underreporting, the number of employees, the number of hours, and wages paid to its employees and the contributions due.

**WHEREFORE**, Plaintiff prays judgment for Counts I, II and III against Defendant as follows:

A. For contributions due and owing to the Central Pension Fund in the amount of $100,943,943 for the period of April 1, 2007, through September 30, 2007.

B. For liquidated damages for late payment of the contributions owed as provided for in the Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

  C. Costs, interest, audit and reasonable attorneys fees as required by 29 U.S.C. § 1132(g)(2).

  D. For an audit of the Defendant's records to determine if additional amounts are owed for work performed on and after April 1, 2007.

  E. For any and all contributions, liquidated damages, and interest owed to the Central Pension Fund which become due as a result of the audit and after the filing of this lawsuit and up to the date of judgment plus costs, interests, audit and reasonable attorneys' fees pursuant to the Restated Agreement and Declaration of Trust, and 29 U.S.C. § 1132(g)(2).

  F. Any additional sums that may be owing to the Central Pension Fund as determined by this Court, plus interest and liquidated damages as required under the Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

  G. For a Court Order enjoining the Defendant's violations as alleged in this Complaint, requiring Defendant to submit timely contributions and reports to the Central Pension Fund, and requiring Defendant to immediately submit the unpaid contributions, liquidated damages and interest to the Central Pension Fund in accordance with 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E)

  H. For a Court Order requiring Defendant to submit all books and records to plaintiffs for audit at its cost; and

  I. Such further relief as the Court deems appropriate.

                                                        Respectfully submitted,

Dated: December 4, 2006          **O'DONOGHUE & O'DONOGHUE LLP**
                                                      4748 Wisconsin Avenue, N.W.
                                                      Washington, D.C. 20016
                                                      Telephone: (202) 362-0041
                                                      Facsimile: (202) 327-1200

                                       By:    _/s/ Charles W. Gilligan_ per
                                                   Charles W. Gilligan (Bar No. 394710)

                                       By:    _/s/ R. Richard Hopp_
                                                   R. Richard Hopp (Bar No. 432221)

                                                   *Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 4th day of December, 2007 on the following:

(1) Secretary of the Treasury
Internal Revenue Service
P.O. Box 13163
Baltimore, MD 21203

Attention: Employee Plans

(2) Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Attention: Assistant Solicitor
for Plan Benefits Security

_____
R. Richard Hopp

170620_1

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Michael R. Fanning, as CEO of the Central Pension Fund of the IUOE and Participating Employers //001

## DEFENDANTS
Langenfelder Marine, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF —— DC ——
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard Hopp
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Aven, NW
Washington, DC 20016

Case: 1:07-cv-02182
Assigned To : Friedman, Paul L.
Assign. Date : 12/4/2007
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. Antitrust
- 410 Antitrust

### B. Personal Injury/Malpractice
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

### C. Administrative Agency Review
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. General Civil (Other)   OR   F. Pro Se General Civil

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**Property Rights**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**Other Statutes**
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

SAME DEF. 3 X'S

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
to collect contributions due to an employee benefit pension fund, to enjoin violations of ERISA, and for an audit pursuant to 29 U.S.C. Section 1132

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 100,943.50+    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE December 4, 2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.