UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE :
OFFICER OF THE CENTRAL PENSION FUND,  :
:
      Plaintiff,  :
:
v.  :    1:07-cv-2182-PLF-DAR
:
LANGENFELDER MARINE, INC.,  :
:
      Defendant.  :
_____/

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

There is no factual dispute material to the resolution of Plaintiffs' Motion for Summary Judgment. There are two legal issues requiring resolution. The first legal issue concerns Plaintiff's claim for liquidated damages. The other legal issue concerns Plaintiff's claim for pre-judgment interest.

### STATEMENT OF FACTS

The following facts are undisputed:

1. This is an action for alleged delinquent pension plan contributions.

2. Since this case was filed, the Defendant, Langenfelder Marine, Inc., has paid the principal amount of the unpaid contributions and interest on that amount. *See* Plaintiff's Supplemental Damages Calculation, Doc. 10-2 (right side column).

3. The amount still in contention consists of:

$20,390.30 (20 percent liquidated damages). *See* Doc. 10-2 line 2. Defendant disputes Plaintiff's entitlement to, not the computation of, the amount.

$8,725 (attorneys' fees and costs).  *See* Plaintiff''s Proposed order granting summary judgment.  Doc. 10-3.  This claim is not disputed.

4.  In addition, Plaintiff is claiming prejudgment interest on the amount claimed from September 1, 2008 to the date of judgment.  *See* Plaintiff's proposed Order granting summary judgment.  Doc. 10-3.  This claim is disputed.

## ARGUMENT

**1.  Background.**

Langenfelder Marine is a dredging contractor which fell behind in pension contributions after it failed to receive timely payments from its customers, which caused its lenders to call their loans, which forced the Company to use all available funds to pay off equipment loans, so that it could remain in business and continue to provide jobs to its employees.  When this lawsuit was filed, the Company asserted, as an offset to the Fund's claims, that a large portion of the unpaid contributions was allocable to work performed by short term employees who had no prospect of ever receiving retirement benefits from the Funds.  The Company's collective bargaining agreements require the Union to refer employees from the Union's hiring hall who have a history of service with employers who contribute to the pension plan.  The Union failed to do so, requiring the Company to hire, on its own, employees with no previous service covered by the Fund.  Many of these employees worked for a short time.  Although the Company understands that the pension fund contributions are based on the assumption that some employees will not work long enough to qualify for a pension, it was the Company's view that the failure of the Union to refer employees was outside the contemplation of the collective bargaining agreements that govern the Company's obligations to contribute.  Ultimately,

however, the Company decided not to press this issue and paid the full amount of the unpaid contributions, plus interest thereon as computed by the Fund.

**2.    Liquidated damages.**

The language of ERISA governing liquidated damages reads:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan—

\*\*\*

(C)  an amount equal to the greater of—

\*\*\*

(ii)  liquidated damages provided under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law).

ERISA § 502(g)(2); 29 U.S.C. § 1132(g)(2).

In *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991), the Court of Appeals held that the liquidated damages provision of § 502(g)(2) applies only when there are unpaid contributions when judgment is entered. "Thus, it is clear that the provisions of that section apply only if there were unpaid contributions on the date of the award." *Id.*  This interpretation is consistent with the plain wording of the statute and provides a financial incentive to employers to pay claimed delinquent contributions, as the Company in this case has done.[1]

---

[1] Other courts have allowed liquidated damages on amounts unpaid when the suit was filed.  *See United Automobile Workers Local 259 v. Metro Auto Ctr.*, 501 F.3d 283 (3d Cir. 2007)(and cases cited therein).

3

**3.     Prejudgment interest.**

ERISA provides for prejudgment interest on unpaid contributions. ERISA § 502(g)(2); 29 U.S.C. § 1132(g)(2). Defendant has paid that interest in full. In addition, it appears that Plaintiff is claiming an additional amount of approximately $137.61 in prejudgment interest pursuant to 28 U.S.C. § 1961(a). This figure is obtained by subtracting the amount of liquidated damages claimed ($20,390.30 according to Doc. 10-2) from the amount of liquidated damages and interest sought ($20,527.91 according to Doc. 10-3). Because ERISA expressly provides for interest on unpaid contributions at the rate provided under the plan, ERISA § 502(g)(B), 29 U.S.C. § 1132(g)(2), any additional award of prejudgment interest under 29 U.S.C. § 1961(a) would be duplicative. In addition, § 1961(a) refers only to interest "on any money judgment." No judgment has been entered in this case.

                                                    Respectfully submitted,

                                                    /s/
                                         _____
                                         Elizabeth Torphy-Donzella
                                         D.C. Bar #4393461
                                         Eric Hemmendinger
                                         SHAWE & ROSENTHAL, LLP
                                         11th Floor, Sun Life Building
                                         20 S. Charles Street
                                         Baltimore, MD 21201
                                         410/752-1040 Telephone
                                         410/752-8861 Facsimile

Date:  July 24, 2008                           *Counsel for Defendant*
Doc.183166

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Summary Judgment was served to all parties via electronic filing this 24th day of July, 2008.

/s/
_____
Eric Hemmendinger