UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL R. FANNING, Chief Executive Officer )
of the Central Pension Fund,        )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 07-2182 (PLF)
                                    )
LANGENFELDER MARINE, INC.,          )
                                    )
            Defendant.              )
_____)

MEMORANDUM OPINION

This matter is before the Court on plaintiff Michael R. Fanning's motion for summary judgment. After careful review of the parties' papers, the relevant statutory and case law, and the entire record in this case, the Court will grant the plaintiff's motion and enter judgment in favor of the plaintiff in the amount of $32,043.13.

I. BACKGROUND

Plaintiff Michael R. Fanning is the chief executive officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("the Central Pension Fund"), a pension benefit plan organized under and governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiff's Motion for Summary Judgment ("MSJ") at 2. In 2005 and 2006, defendant Langenfelder Marine, Inc. ("Langenfelder") entered into collective bargaining agreements with local affiliates of the

International Union of Operating Engineers. Id. Those agreements obligated Langenfelder to make contributions to the Central Pension Fund. Id.

On December 4, 2007, the Central Pension Fund filed this action, alleging that Langenfelder had failed to pay $101,951.50 in contributions due for the months of April through September 2007. Complaint ¶ 16; Declaration of Michael R. Fanning (attached to MSJ) ("Fanning Decl.") ¶ 7. Langenfelder denied those allegations, see Answer ¶ 16, and on June 23, 2008, the Central Pension Fund filed a motion for summary judgment. Based on the parties' representations that they intended to settle most of the disputed issues raised by the complaint, the Court denied the original motion for summary judgment as moot on March 24, 2009. On March 31, 2009, the parties stipulated that, after the filing of the plaintiff's motion for summary judgment, Langenfelder had paid the delinquent contributions owed to the Central Pension Fund. Stipulation ¶ 1. On April 15, 2009, Mr. Fanning filed the currently pending motion for summary judgment, which addresses the only disputed issues remaining in this case: the amount of interest, liquidated damages, and attorneys' fees and costs that must be paid to the plaintiff by the defendant. MSJ at 1-2.

## II. DISCUSSION

Because Langenfelder has paid to the Central Pension Fund the $101,851.50 owed in delinquent contributions, the plaintiff nows seeks only ancillary relief: $20,390.30 in liquidated damages, MSJ at 4-5; $11,605 in attorneys' fees and costs, id. at 6; and $47.83 in unpaid interest. Id. at 7. Langenfelder does not contest the claim for unpaid interest and concedes that it must pay $8,725 in attorneys' fees and costs to the plaintiff, but contends that it

is not obligated to pay liquidated damages or the remaining $2,880 in fees and costs claimed by Mr. Fanning. Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Opp.") at 2.

### A. Liquidated Damages

The relevant provision of ERISA states:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to [collect delinquent contributions] in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
> . . . .
>
> (C) an amount equal to the greater of —
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . . .

29 U.S.C. § 1132(g)(2). The Central Pension Fund's Restated Agreement and Declaration of Trust provides for liquidated damages equal to twenty percent of unpaid contributions. Fanning Decl., Ex. A at 12-13. Mr. Fanning thus argues that Langenfelder owes the Fund twenty percent of the contributions that were delinquent when this case was filed, or $20,390.30. MSJ at 5.

Langenfelder does not dispute the facts underlying Mr. Fanning's argument, but instead argues that "the liquidated damages provision of [29 U.S.C. § 1132(g)(2)] applies only when there are unpaid contributions when judgment is entered." Opp. at 3-4. Langenfelder relies for this proposition on Michigan Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc., 933 F.2d 376, 388 (6th Cir. 1991), in which the Sixth Circuit held that liquidated

damages may be awarded under 29 U.S.C. § 1132(g)(2) "only if there were unpaid contributions on the date of the award."

The court of appeals in this circuit has yet to rule on this question of law, but the Court notes that the conclusion reached by the Sixth Circuit has been rejected by every other court of appeals that has considered the question. See United Auto Workers Local 259 Soc. Sec. Dep't v. Metro Auto Center, 501 F.3d 283, 288-89 (3d Cir. 2007); Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp., 258 F.3d 645, 654 (7th Cir. 2001); Nw. Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996); Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (2d Cir. 1995); Carpenters Amended & Restated Health Ben. Fund v. John W. Ryan Constr. Co., 767 F.2d 1170, 1172 (5th Cir. 1985); see also Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988). The Court is persuaded by the reasoning of the Second, Third, Fifth, Seventh, Eighth, and Ninth Circuits and concludes that relief is available under 29 U.S.C. § 1132(g)(2) as to all contributions that were delinquent at the time this enforcement action was filed. "Permitting delinquent employers to avoid paying § 1132 penalties after suit is filed . . . would largely thwart the purpose of § 1332(g)(2) to provide plan fiduciaries with an effective weapon against delinquent employers." Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d at 1508.

As Langenfelder does not dispute, see Opp. at 1, it owed the plaintiff $101, 951.50 in delinquent contributions at the time this suit was filed. MSJ at 4. Consequently, Langenfelder is liable to the plaintiff for twenty percent of that amount pursuant to 29 U.S.C. § 1132(g)(2). The Court therefore will enter judgment for the plaintiff as to this claim.

## B. Attorneys' Fees and Costs

ERISA requires that "reasonable attorney's fees and costs" be awarded to prevailing plan fiduciaries in enforcement actions. 29 U.S.C. § 1132(g)(2)(D). Langenfelder does not dispute that the plaintiff is entitled to an award of attorneys' fees and costs in this action, but insists that the award should amount only to the $8,725 requested by the plaintiff in his first motion for summary judgment, not the $11,605 now sought. Opp. at 2. Langenfelder's entire argument against the plaintiff's request for an additional $2,880 in fees and costs consists of the conclusory assertion that "the additional $2,880 . . . is entirely applicable to rebriefing the liquidated damages issue which had already been completely briefed and on which Defendant should prevail." Id.

The plaintiff has submitted a detailed affidavit showing that since June 2008, when he submitted his first motion for summary judgment, he has incurred fees and costs that resulted from his counsel's "reviewing the Defendant's original opposition to the Plaintiff's [original] Motion for Summary Judgment, preparing the original reply brief, participating in . . . subsequent Court conferences, drafting and negotiating a stipulation of dismissal, and preparing the Amended Motion for Summary Judgment." Reply in Support of Amended Motion for Summary Judgment at 4; see Declaration of Richard Hopp (attached to MSJ), Ex. D at 2-4. In response, the defendant has submitted no evidence whatsoever, nor has it explained why the tasks performed in this case by plaintiff's counsel since June 2008 have been anything other than necessary and reasonable. Furthermore, the defendant has failed to explain — and the Court doubts that it could — why the plaintiff is not entitled to fees and costs incurred during the

5

rebriefing of the liquidated damages issue simply because the defendant (wrongly) feels that it "should prevail" on that issue. The Court therefore will enter judgment in favor of the plaintiff on the question of attorneys' fees and costs.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the plaintiff's motion for summary judgment and enter judgment against the defendant in the amount of $32,043.13. An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 29, 2010